IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CITY OF WARREN GENERAL EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )  NO. 3:17-cv-01167<br>) |
| v. | )  JUDGE CAMPBELL<br>)  MAGISTRATE JUDGE NEWBERN<br>) |
| RAYONIER ADVANCED MATERIALS, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM**

I. Introduction

Pending before the Court are Defendants' Motion to Dismiss for Improper Venue or, Alternatively, to Transfer to the Middle District of Florida (Doc. No. 23), and Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss for Improper Venue or, Alternatively, to Transfer to the Middle District of Florida (Doc. No. 40). After Plaintiff filed an Amended Complaint naming an individual defendant who resides in this District, Defendants filed a Notice of Withdrawal of Rule 12(b)(3) (Doc. No. 46) withdrawing their request to dismiss this case, but persisting in their request to transfer. For the reasons set forth below, the Defendants' Motion to Transfer to the Middle District of Florida (Doc. No. 23) is **GRANTED.** The Clerk is directed to transfer this action to the United States District Court for the Middle District of Florida.

Also pending before the Court is Defendants' Motion for Leave to File Reply Brief (Doc. No. 45). The Motion is **GRANTED**, and the Clerk is instructed to file the attached Reply. The Court has considered the Reply in reaching its decision herein.

II. Factual and Procedural Background

Through the Amended Complaint, Plaintiffs City of Warren General Employees' Retirement System, Michigan Carpenters' Pension Fund, and Local 295 IBT Employer Group Pension Trust Fund assert claims for violation of the Securities Exchange Act of 1934, individually and on behalf of a class of similarly situated stockholders of Defendant Rayonier Advanced Materials, Inc. ("RYAM"). (Doc. No. 27).[1] In addition to RYAM, Plaintiffs name Paul G. Boynton, Frank A. Ruperto, and Benson K. Woo, officers of RYAM during the relevant period, as defendants. (*Id.*). Plaintiffs allege Defendants made certain false and misleading statements and omissions between June 30, 2014 and August 18, 2015 that resulted in economic losses to the class members. (*Id.*) The alleged misrepresentations largely involve RYAM's relationship with one of its top customers, Eastman Chemical Company ("Eastman"), over the relevant period. (*Id.*)

The declarations filed by Defendants to support their transfer request indicate Defendant RYAM is incorporated in Delaware, and has its corporate headquarters in Jacksonville, Florida, which is located in the Middle District of Florida. (*Id.*, at ¶ 16; Doc. No. 26-1, at ¶ 5). RYAM does not have any offices or employees in the State of Tennessee. (*Id.*, at 6). During the time period at issue in this case, RYAM had two Tennessee customers: Eastman and Kerry Ingredients. (*Id.*, at ¶ 7). Eastman has its headquarters in Kingsport, Tennessee, which is located outside this District. (*Id.*) Plaintiffs' allegations do not appear to involve RYAM's relationship with Kerry Ingredients. (Doc. No. 27). According to Defendants, all allegedly false press

---

[1] In an Order issued prior to the filing of the Amended Complaint (Doc. No. 22), Judge Trauger granted Plaintiffs' motion for appointment of Michigan Carpenters' Pension Fund and Local 295 IBT Employer Group Pension Trust Fund as Lead Plaintiffs, and attorneys from Robbins Geller Rudman & Dowd LLP as Lead Counsel in this case. In the Amended Complaint and other subsequent filings, however, Plaintiffs have not included the names of the Lead Plaintiffs in the style of the case.

releases and conference call scripts were drafted by employees at RYAM's headquarters in Jacksonville. (Doc. No. 26-1, at ¶ 13; Doc. No. 26-2, at ¶ 9).

Defendants Boynton and Ruperto reside in Jacksonville, Florida. (Doc. No. 26-1, at ¶ 3; Doc. No. 26-2, at ¶ 2). Although Defendant Boynton acknowledges he attended meetings with Eastman in Tennessee, none of those meetings occurred in this District, nor does he recall ever travelling here to conduct business for RYAM. (Doc. No. 26-1, at ¶¶ 9-11). Defendant Ruperto also indicates his travel to Tennessee for RYAM has been limited to meetings with Eastman outside this District. (Doc. No. 26-2, at ¶¶ 2, 6-8).

Lead Plaintiff Michigan Carpenters' Pension Fund is located in Lansing, Michigan, and Lead Plaintiff Local 295 IBT Employer Group Pension Trust Fund is located in New York, New York. (Doc. No. 39-1).

### III. Analysis

Relying on 28 U.S.C. § 1404(a), Defendants argue this case should be transferred to the Middle District of Florida. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As the Sixth Circuit explained, district courts have broad discretion under the statute to determine when party convenience or the interest of justice make transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In ruling on a motion to transfer venue, a court typically considers factors relating to the convenience of the parties and the public interest. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). Factors relating to the convenience of the parties include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of

obtaining attendance of willing witnesses; the possibility of a view of the premises, if relevant; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." 134 S.Ct. at 581 n.6. Factors relating to the public interest include the local interest in having localized disputes decided at home; the administrative difficulties resulting from court congestion; and the interest in having a trial of a diversity case in a forum at home with the law that will be applied. *Id; see also Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 651 (6th Cir. 2016). Courts are also to give some weight to the plaintiff's choice of forum. *Atl. Marine Const. Co.*, 134 S.Ct. at 581 n.6. The burden of demonstrating transfer is warranted is on the moving party. *Means,* 836 F.3d at 652 n.7.

As a threshold issue under the statute, the Court considers whether the proposed venue is a district where this action "might have been brought." Here, neither party disputes venue is proper in the Middle District of Florida.

Defendants argue the Middle District of Florida is the more convenient forum because Defendant RYAM and two of the three individual defendants are located there; all of the allegedly false or misleading documents were prepared and issued there; and key evidence is located there. Plaintiffs argue this District is the more convenient forum because this Court has the power to subpoena witnesses employed by non-party Eastman to attend a trial here; one of the individual defendants resides here; and two of their attorneys practice law here.

The Court concludes the relevant factors weigh in favor of transfer. Neither the plaintiffs, the defendants, nor the alleged misconduct have a substantial connection to this District. Lead Plaintiffs are organizational shareholders that have no apparent connection with this District, and Plaintiffs have not suggested a significant number of potential class members reside in this District.. *See Lisenbee v. Fedex Corp.,* 579 F. Supp. 2d 993, 1007 (M.D. Tenn. 2008) (plaintiff's choice of forum is afforded less weight where the cause of action has a limited connection with

4

the forum and is not the plaintiff's residence); *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998) (in securities class action, little weight is given plaintiff's choice of forum as there will likely be numerous potential plaintiffs each with ties to different districts). Defendant RYAM and two of the three individual defendants have no apparent connection with this District. On the other hand, Defendant RYAM is headquartered in the Middle District of Florida, and two of the individual defendants reside there. Furthermore, the alleged misconduct - securities fraud - occurred in the Middle District of Florida, and most of the witnesses regarding the development of the allegedly fraudulent statements are likely to be current and former employees of Defendant RYAM who are located in that District. *See Nematron*, 30 F. Supp. 2d at 404 (locus of operative facts in securities fraud class action is in district where alleged misrepresentations originated, and transfer to that district is appropriate). Although Lead Plaintiffs are not located in the Middle District of Florida, they have not demonstrated travel to this District from their locations in Michigan and New York is significantly more convenient than travel to the Middle District of Florida.

The arguments relied on by Plaintiffs in resisting transfer are not persuasive. First, Plaintiffs' argument that this District is more convenient for non-party Eastman witnesses does not weigh strongly against transfer. Although Eastman is located in Tennessee, it is still a significant distance from this District. Furthermore, to the extent Eastman witnesses must be compelled to participate, Plaintiffs have not shown this Court has the power to compel their attendance for depositions and pretrial matters in this District.[2] Fed. R. Civ. P. 45 (c)(1)(A) (court may compel attendance for hearing or deposition only of those individuals who reside, are employed, or regularly transact business within 100 miles, and may compel attendance for trial

---

[2] Rule 45 provides Plaintiffs a mechanism to subpoena documents and deposition testimony from Eastman regardless of the venue in which this action proceeds.

of those reside, are employed, or regularly transact business). That this Court has the power to compel these witnesses to testify at an eventual trial does not outweigh the lack of any other substantial connection by Eastman to this District.

As for Plaintiffs' argument that they have counsel in this District, the Court notes they are also represented by attorneys located in Boca Raton, Florida, and Madison Heights, Michigan. Defendants represent, and Plaintiffs do not dispute, that Plaintiffs' Florida-based counsel has appeared in more than 60 cases in the Middle District of Florida. (Doc. No. 45-1, at 6 n. 4). Thus, convenience of Plaintiffs' counsel does not weigh heavily against transfer. *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (location of counsel is not a relevant factor in considering transfer of venue); *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 925 (N.D. Cal. 2015) (convenience of counsel is not to be considered in deciding whether a venue is convenient under Section 1404(a)).

Finally, the presence of Defendant Woo in this District does not weigh in favor of Plaintiffs' position. Defendant Woo has joined in the transfer motion and is willing to travel to the Middle District of Florida. (Doc. No. 45-1, at 3 n. 2).

As for the public interest factors, at this point in the litigation, it is reasonable to assume the courts in the Middle District of Florida have a greater interest than the courts in this District in monitoring the alleged misconduct of a corporate defendant that is located there. *Harper v. Am. Airlines, Inc.,* 2009 WL 1605800, at *6 (N.D. Ala. May 18, 2009) (interest of justice served by transferring case to district where the defendant corporation was located because that district has an interest in monitoring its corporations to ensure protection of citizens). As for the pace of the litigation, Plaintiffs have not suggested docket congestion in the Middle District of Florida is greater than in this District.

Weighing all the factors to be considered under Section 1404(a), the Court concludes that those factors strongly favor transfer of this case to the Middle District of Florida.[3]

Plaintiffs alternatively request the Court delay ruling on the transfer issue until they conduct venue discovery. The request is denied as Plaintiffs have not identified any particular information they seek that would significantly impact the transfer decision in this case. *Means*, 836 F.3d at 652 n.7 (district court was not required to permit venue discovery prior to granting motion to transfer).

## IV. Conclusion

For the reasons set forth above, Defendants' motion to transfer is granted.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs suggest in a footnote in their brief that, if the Court determines transfer is appropriate, it should consider transfer to the Eastern District of Tennessee, rather than the Middle District of Florida. (Doc. No. 40 at 20 n. 10). Plaintiff has not demonstrated, however, that the Eastern District of Tennessee is a district where this action "might have been brought," as required by Section 1404(a), nor have they shown the relevant factors weigh in favor of transfer to that District.